UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X

ABITMASS, LLC                                              COMPLAINT

        Plaintiff,

        -against-

                                      Case No.

INCORPORATED VILLAGE OF PATCHOGUE,
BUILDING DEPARTMENT OF THE VILLAGE
OF PATCHOGUE, PETER SARICH, in his
official capacity as Chief Building Inspector of the
Village of Patchogue, the PLANNING DEPARTMENT
of the Village of Patchogue, CAROL GIGLIO in her
official capacity as Planning and Zoning Coordinator,

        Defendants.
--------------------------------------------------------------------X

        Plaintiff, ABITMASS, LLC, by and through its' attorneys, RICHARD I.

SCHEYER, ESQ. and FREDRICK P. STERN, PC, complaining of the Defendants

respectfully alleges as follows:

<u>THE PARTIES</u>

        1.  The Plaintiff, ABITMASS, LLC, is a limited liability company

authorized and existing under the laws of the State of New York.

        2.  The Defendant, Village of Patchogue, is a municipal corporation located

within Suffolk County, State of New York; it is created and existing under and by

virtue of the laws of the State of New York.

1

3. The Defendant, Peter Sarich, is the Chief Building Inspector of the Building Department of the Incorporated Village of Patchogue.

4. The Defendant, Carol Giglio, is the Planning and Zoning Coordinator of the Incorporated Village of Patchogue.

## JURISDICTION AND VENUE

5. This action arises under the Constitution and laws of the United States, and this Court has federal question jurisdiction over this action pursuant to Article III of the Constitution.

6. This Court further has jurisdiction over this action under 28 U.S.C. §1343(a)(3) and (a)(4) because Plaintiffs bring this suit pursuant to 42 U.S.C. § 1983 and seeks to redress the deprivation under color of state law of rights secured by the United States Constitution, and to recover damages and secure equitable relief under federal civil rights statutes.

7. Venue is proper as Plaintiff, ABITMASS, LLC, is a limited liability company with a principal place of business located in the County of Suffolk, State of New York, and the Defendants maintain their offices in Suffolk County, which is within the Eastern District of New York and the actions complained of occurred in Suffolk County. Venue also is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiffs' claims

occurred in this district, and because the property that is the subject of this action is located in this district.

## FACTUAL ALLEGATIONS

8.  The Plaintiff is the owner of the real property located at 48 Waverly Avenue, Patchogue, County of Suffolk, State of New York (the "Real Property").

9.  Prior to the Plaintiff's purchase of the Real Property, a mortgage foreclosure auction held on August 17, 2017 pursuant to a foreclosure judgment which had been signed by the Honorable William Rebolini in a case pending in the Supreme Court of the State of New York, Suffolk County between Wells Fargo Bank, Michael Baker and others under Index No. 603747/2015.

10.  Munor Management Corp. ("Munor") won the bid in August, 2017, of $200,000.00.

11.  The Plaintiff then purchased the rights of Munor under the Terms of Sale for $210,000.00.

12.  Prior to closing on the Real Property Plaintiff arranged for a title search which disclosed that a Certificate of Zoning Compliance ("CZC") had been issued by the Defendants on December 7, 2006 which legalized the use of the Real Property as a two family dwelling.

13.  There was nothing within the records of the Defendants which would

have disclosed to a bona fide purchaser for value that the CZC was not valid.

14.  A closing ultimately occurred under the Terms of Sale and title passed from the Referee to the Plaintiff on May 29, 2018.

15.  Inasmuch as the Real Property was located in a D-1 Business District it was considered a nonconforming use as a two family residential dwelling.

16.  After closing the Plaintiff discovered that the Village of Patchogue, through its Chief Building Inspector Peter J. Sarich, had made a determination that the Real Property had been abandoned.

17.  The Village of Patchogue had further issued a letter dated May 25, 2017 which read that:   **"As a result, the Certificate of Zoning Compliance issued on December 7, 2006, as a two-family owner occupied dwelling is rescinded."**

18.  Upon information and belief no pre-deprivation hearing was ever held in this matter.

19.  Upon information and belief, no notices were ever sent, including the revocation letter, to anyone, including the former owner, Michael Baker.

20.  Upon information and belief, the prior owner was unaware of the revocation letter.

21.  Upon information and belief, Mr. Baker did not reside at the Real Property at any time during the foreclosure proceedings or thereafter.

22.   The Real Property had not been abandoned for over a year as would be required in order for the Village of Patchogue to attempt to revoke the CZC under the Village of Patchogue Code (the "Code").

23.   The electric company turned off the power in October of 2016 which is less than one year from the time that Mr. Sarich rescinded the CZC.

24.   This property was listed for sale from March of 2017 to March of 2018 on multiple listing.

25.   Upon information and belief, the mortgage servicer was maintaining the house.

26.   The property was not abandoned and was the subject of a foreclosure action which ultimately resulted in a judicial sale.

27.   The property has been taxed as a two-family house and such taxes are have never been reduced and are still being assessed against the Real Property which total of $10,550.00 a year to the Town and Village.

28.   The Plaintiff was advised by the Defendant, Carol Giglio, at the Village of Patchogue that, in order for the Real Property to continue to be used as a two family dwelling it would need to be "legalized".

29.   The Plaintiff was further advised that, because the Real Property is split-zoned for  both residential and business, it could only be used for an office,

business or residential use.

30.  In order to attempt to use the Real Property as a two family dwelling the Plaintiff was advised by the Planning Board that it would need to request a change of zone since the zoning did  not allow residential only use leaving the only viable use for the premises as an office or business.

31.  The Defendant, Carol Giglio further informed Plaintiff that the Real Property could not meet the requirements for D-1 office or business since the Real Property, which has a lot size of 60 by 100, could not have enough parking, a handicap ramp, or curb cuts.

32.  Plaintiff attempted to file an application for a zoning change.

33.  The Village refused to accept such an application for a zoning change.

34. The Village refusal to even accept an application for a change of zone leaves the Real Property without for any use under the current zoning.

35.  The Referee under the Judgment of Foreclosure and Sale had title to the Real Property between the date of the foreclosure auction and the closing of title.

36.  Upon information and belief, the Referee was never notified by the Village that the CZC was rescinded.

**Count 1**

**DECLARATORY JUDGMENT AND  INJUNCTION**
(28 U.S.C. Section 2201, et seq.)

37.  Plaintiff hereby incorporates by reference the allegations in the foregoing paragraphs as if set forth fully herein.

38.  An actual controversy has arisen and now exists between Plaintiff and Defendants concerning Plaintiff's rights under the United States Constitution and a judicial declaration is necessary and appropriate at this time.

39.  Plaintiff desires a judicial determination of its' rights against Defendants as they pertain to Plaintiff's right to due process.

40.  In order to prevent further violation of Plaintiff's constitutional rights by Defendants, it is appropriate and proper that a declaratory judgment be issued, pursuant to 28 U.S.C. Section 2201 and Fed. R. Civ. P. 57, declaring the CZC to be in full force and effect.

41.  Furthermore, pursuant to 28 U.S.C. Section 2202 and  Fed. R. Civ. P. 65, it is appropriate and hereby requested that this Court issue preliminary and permanent injunctions prohibiting the Defendants from enforcing the revocation of the CZC.

## Count 2

## DECLARATORY JUDGMENT AND INJUNCTION
### (28 U.S.C. Section 2201, et seq.)

42.   Plaintiff hereby incorporates by reference the allegations in the foregoing paragraphs as if set forth fully herein.

43.   As actual controversy has arisen and now exists between Plaintiff and Defendants concerning Plaintiff's rights under the United States Constitution, a judicial declaration is necessary and appropriate at this time.

44.   Plaintiff desires a judicial determination of its' rights against Defendants as they pertain to Plaintiff's right to procedural due process.

45.   In order to prevent violation of Plaintiff's constitutional rights by Defendants, it is appropriate and proper that a declaratory judgment be issued, pursuant to 28 U.S.C. Section 2201 and Fed. R. Civ. P. 57, declaring unconstitutional, facially and as-applied here, all relevant portions of the Village of Patchogue Code to the extent that the Village fails to provide adequate notice of predeprivation hearings and their intention to revoke Certificates of Zoning Compliance in violation of the due process clause and the Fourteenth Amendment to the U.S. Constitution.

46.   In order to prevent violation of Plaintiff's constitutional rights by Defendants, it is appropriate and proper that a declaratory judgment be issued,

pursuant to 28 U.S.C. Section 2201 and Fed. R. Civ. P. 57, declaring unconstitutional, facially and as-applied here, all relevant portions of the Village of Patchogue Code to the extent that the Town of Brookhaven and the Board fails to provide a meaningful predeprivation hearing in violation of the due process clause and the Fourteenth Amendment to the U.S. Constitution.

47.  Furthermore, pursuant to 28 U.S.C. Section 2202 and  Fed. R. Civ. P. 65, it is appropriate and hereby requested that this Court issue preliminary and permanent injunctions prohibiting the Defendants from enforcing the provisions of the Village of Patchogue Code until such time as they have instituted adequate notice and meaningful hearing procedures prior to deprivation of Certificates of Zoning Compliance.

### Count 3

### Claim Under 42 U.S.C. § 1983 for Deprivation of Plaintiffs' Substantive Due Process Rights Under the Fourteenth Amendment

48. Plaintiffs repeat and reallege the allegations as if fully set forth herein again.

49. The Plaintiff has a cognizable property interest in the Real Property.

50.  The Plaintiff's cognizable property interest was invaded in an arbitrary and irrational manner.

51.  The conduct set forth above, all of which was carried out under color of

state law, violates Plaintiff's substantive due process rights under the Fourteenth

Amendment because it is so egregious and outrageous that it may fairly be said to

shock the contemporary conscience.

52. Defendants have used their enforcement power to take some or all of the

Plaintiff's constitutionally-protected property rights in the Real Property.

53. None of the conduct complained of has served any legitimate interest of

the Village.

54. The Village's conduct is so blatantly and categorically illegal that it can

only be based on an illegitimate, bad-faith desire to deprive Plaintiff of its'

constitutionally-protected property interests.

55. The actions of the defendants establishes a formal policy which is

officially endorsed by the municipality.

56. The actions taken or decisions made by government officials responsible

for establishing municipal policies have caused the alleged violation of the

plaintiff's civil rights.

57. The practices set forth hereinabove are so persistent and widespread that

they constitute a "custom or usage" and imply the constructive notice knowledge of

policy-making officials.

58. Plaintiff has suffered damages as a proximate result of the Village's

violations of its' substantive due process rights.

59. Plaintiff is entitled to receive all legal and equitable remedies available under the law, including compensatory damages in an amount to be determined at trial, punitive damages, and nominal damages.

60. Plaintiff is entitled to recover its' costs, including attorneys' fees and expert fees, pursuant to 42 U.S.C. § 1988.

**Count 4**

**Claim Under 42. U.S.C. §1983**
**For Deprivation of Plaintiff's Procedural Due Process Rights**
**Under the Fifth and Fourteenth Amendment**

61.   Plaintiff repeats, reiterates and realleges each and every allegation as if fully set forth at length again.

62.   Plaintiff possesses a protected property interest in the Real Property.

63.   Plaintiff was deprived of that interest without due process of law.

64.   As indicated in the facts above, the defendants, acting as a matter of official Village or State policy under the color of law, have deprived the Plaintiff of its property without a meaningful opportunity to be heard.

65. The defendants' unlawful actions improperly and adversely affect the value of the Real Property and the Plaintiff's investment therein, as the Plaintiff continues to pay mortgage payments, real estate taxes, interest and the cost of

maintenance on the Real Property every day although it cannot use the Real Property for the purposes intended.

66.  The Plaintiff has spent in excess of $210,000.00 in order to purchase the Real Property and make repairs to the Real Property.

67.  The Defendants have refused to allow the Plaintiff to let the premises pursuant to the lawfully issued CZC.

68.  The actions of the defendants will continue to cause Plaintiff to defend its' rights in the Real Property.

69.   The actions of the part of the defendants are a violation of the Plaintiff's  due process rights.

70.  Plaintiff has suffered damages as a proximate result of the defendants' violations of its' procedural due process rights.

71.  Plaintiff is entitled to receive all legal and equitable remedies available under the law, including compensatory damages in an amount to be determined at trial, punitive damages, and nominal damages.

72.  Plaintiff is entitled to recover its' costs, including attorneys' fees and expert fees, pursuant to 42 U.S.C. §1988.

**Count 5**
**Claim Under 42 U.S.C. §1988**
**for Attorneys' Fees and Costs**

73.  Plaintiffs repeat, reiterate and reallege each and every allegation as if fully set forth at length again.

74.  Section 1988 of Title 32 of the United States Code states, in part:

"Attorneys' fees in any action or proceeding to enforce a provision of Section 1981, 1981A, 1982, 1983, 1985, and 1986 of this title....the Court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorneys' fee as part of the costs...[42 U.S.C. Section 1988(b) (1996)].

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment against Defendants, and that the Court:

(1) Declare that the revocation provisions of the Village Code which fail to provide meaningful notice and an opportunity to be heard in violation of the due process clause of the U.S. Constitution, both facially and as applied to Plaintiffs;

(2) Declare the Certificate of Zoning Compliance dated December 7, 2006 in full force and effect;

(3) Enjoin Defendants from enforcing in any respect the revocation of the Certificate of Existing Use dated December 7, 2006;

(4) Pursuant to 42 U.S.C. §1988 and other applicable law, award Plaintiff its' costs and expenses incurred in bringing this action, including its' reasonable attorneys' fees.

(5) Award compensatory and punitive damages against Defendants and in favor of Plaintiff to compensate Plaintiff for violations of its'constitutional rights;

(6) Grant such other and further relief as the Court deems equitable, just, and proper.

## JURY  DEMAND

**PLEASE TAKE NOTICE,** that pursuant to Federal Rules of Civil Procedure 38(b),  Plaintiffs hereby demand a trial by jury.

## LEAVE TO AMEND

In the event the Court deems this Complaint to be deficient in any way, Plaintiff respectfully requests leave to amend in order to cure the deficiency.

Dated:        Nesconset, New York
              August 25, 2018          Respectfully submitted,
                                       /s/Fredrick P. Stern
                                       RICHARD I. SCHEYER, ESQ. and
                                       FREDRICK P. STERN, PC
                                       Fredrick P. Stern, Esq.
                                       *Attorneys for Plaintiff*
                                       110 Lake Avenue So., Suite 46
                                       Nesconset, NY 11763
                                       (631) 265-8500